**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JUAN CARLOS CORONADO MENDEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1277-R** |
| | ) | |
| **FRED FIGUEROA,[1] et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Juan Carolos Coronado Mendez, a citizen of Mexico proceeding *pro se*,[2] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[3] (Doc. 1).[4] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 5), Respondents timely

---

[1] Petitioner named "Diamondback Installation Warden" as one of the respondents. Fred Figueroa is the Warden at Diamondback Correctional Facility.

[2] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1).

[4] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

filed a Response.[5] (Doc. 7). Petitioner timely filed a Reply, (Doc. 8), and a supplemental brief, (Doc. 9). As fully set forth below, the undersigned recommends that the Petition be **DENIED**.

## I. Factual Background

Petitioner is a citizen of Mexico who was admitted to the United States as a non-immigrant visitor for pleasure on February 11, 2020, with authorization to remain in the United States for a temporary period not to exceed August 10, 2020. (Doc. 7, at Ex. 1, at 1; *id.* at Ex. 4, at 1). On December 22, 2025, Petitioner was arrested by local authorities in Farmers Branch, Texas. (*Id.* at Ex. 2, at 4). On December 27, 2025, Petitioner was transferred to ICE custody pursuant to an administrative warrant. (*Id.*; *id.* at Ex. 3). ICE instituted removal proceedings against him through issuance of a Notice to Appear ("NTA") alleging he was removable because he remained in the United States beyond August 10, 2020, without authorization. (*Id.* at Ex. 4, at 1).

On June 1, 2026, an Immigration Judge ordered Petitioner removed from the United States to Mexico. (*Id.* at Ex. 6, at 3-4). On June 4, 2026, the Immigration Court rejected Petitioner's I-589 Application for Asylum and for Withholding of Removal because Petitioner had already been ordered removed. (*Id.* at Ex. 7). Petitioner's appeal was

---

[5] The response was not filed on behalf of Respondent Fred Figueroa because he is not a federal official. (Doc. 7, at 1 n.1). The undersigned finds a separate response is unnecessary.

received on July 13, 2026, and is currently pending.[6] EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Sept. 3, 2026).

A custody redetermination hearing, or bond hearing, was scheduled for Petitioner on June 26, 2026. (Doc. 7, at Ex. 8). Petitioner does not dispute a bond hearing occurred, but contends his "evidence was not heard or analyzed." (Doc. 9, at 2).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. His detention is governed by 8 U.S.C. § 1226(a), not § 1225(b). (Doc. 1, at 6).

2. He has been subject to prolonged civil detention without due process. (*Id*. at 11).

3. His detention is not reasonably related to removal. (*Id.* at 11-12).

4. The failure to provide a bond hearing violates the principles of due process. (*Id.* at 12).

---

[6] An order of removal "shall become final upon the earlier of – (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(47)(B). An appeal to the Board of Immigration Appeals is due within 30 days. 8 C.F.R. § 1003.38(b); *see also Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, 822 F. Supp. 3d 119, 167 (D.D.C. 2026) (invalidating a newer version of the regulation which set forth different deadlines). But "the Board will accept late-filed appeals where a party can establish equitable tolling applies." *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 717 (BIA 2023). So, while the Board of Immigration Appeals received Petitioner's appeal 42 days after the Immigration Judge's decision, it is unclear from the record before the Court whether Petitioner's time to appeal was extended beyond the time prescribed by regulation.

As relief Petitioner requests immediate release from custody or, alternatively, a prompt constitutionally adequate bond hearing. (*Id.*) He requests that the government be ordered "to prove by clear evidence that [his] detention is absolutely necessary." (*Id.* at 7).

Respondents contend Petitioner "is detained pursuant to § 1226 not § 1225" and that he "could have at any time submitted a request to EOIR for a bond hearing but did not do so." (Doc. 7, at 3). For the same reason, they argue he was not denied due process. (*Id.*) Further, they assert that his statutory and due process claims are mooted by his June 26, 2026, bond hearing. (*Id.*) Additionally, Respondents argue the government should not be required to assume the quantum and burden of proof at any bond hearing. (*Id.* at 4-6).

In Reply, Petitioner acknowledges he was detained under 8 U.S.C. § 1226. (Doc. 8, at 2). Petitioner also contends his request for bond was denied after "evidence was not heard and not analyzed" at the June 26, 2026, bond hearing.[7] (*Id.*) In his supplemental reply brief, Petitioner again argues that his evidence was not heard at the bond hearing and he asserts he is not a flight risk or a risk to the community. (Doc. 9, at 2). He sets forth various statements regarding his lack of criminal history as well as his community ties. (*Id.*)

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

---

[7] Petitioner also documents his efforts to send his application for asylum to the Immigration Court. (Doc. 8, at 2). But those efforts likely relate to his appeal from the Immigration Court to the Board of Immigration Appeals. They are unrelated to the issue raised in this habeas action: Petitioner's alleged inability to obtain a bond hearing.

2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Petitioner's INA and Due Process Claims – as Raised in the Petition – are Moot Because He Received a Bond Hearing.

In Petitioner's statutory claim, he asserted he is detained under 8 U.S.C. §1226(a), not 8 U.S.C. § 1225(b), so his continued detention violates the INA. (Doc. 1, at 6). When a non-citizen is properly classified under § 1226(a) and has not received a bond hearing, granting a bond hearing is the appropriate remedy. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026). Thus, Petitioner is not entitled to immediate release on his statutory claim. And Petitioner has received a bond hearing, so the undersigned finds the claim moot because there is no more relief to provide to Petitioner.

Petitioner also asserts that his prolonged detention and detention without a bond hearing violates his due process rights. (Doc. 1, at 11-12). Here too, the remedy for such violation is granting an individualized bond hearing. *See, e.g., Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."); *Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3021514, at *2 (W.D. Okla. Mar. 9, 2023) (determining, in the context of mandatory detention under 8 U.S.C. § 1226(c), that "at some point, detention can become so prolonged as to become unreasonable or unjustified, at which time a petitioner

will be entitled to an individualized bond hearing."). Because Petitioner has received a bond hearing, the undersigned finds this claim is moot.

Petitioner also requested in the Petition that the government bear the burden of proof at the bond hearing. (Doc. 1, at 7). "[U]nder current BIA precedent, a noncitizen detained under section 1226(a) must demonstrate to the satisfaction of the Immigration Judge that he or she merits release on bond, even though section 1226(a) does not explicitly contain such a requirement. To do so, the noncitizen must prove that he or she is neither a danger to the community nor a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021) (citation modified). The majority of Judges in this District have either (a) declined to reach the issue of whether due process requires the government, rather than the non-citizen, to carry the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing[8] and/or (b) determined that due process does not require the burden to shift to the

[8] *See e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026) (Judge Jones declining to address petitioner's due process claim and finding that the burden-shifting issue "is premature and not fit for adjudication at this stage"); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026) (same where no party objected to the recommendation for burden shifting); *Tabares Martinez v. Grant*, No. CIV-26-545-SLP, 2026 WL 1908094, at *2 (W.D. Okla. July 2, 2026) (Chief Judge Palk declining, without comment, to adopt the recommendation for burden shifting); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (Judge DeGiusti "declin[ing] to place the burden on the government to justify Petitioner's detention pending removal proceedings."); *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (Judge Russell "declin[ing] to specify or alter the burden of proof at this stage.") (citation omitted).

government.[9] Acknowledging these decisions and in the interests of judicial economy, the undersigned recommends that the Court not alter the burden-of-proof framework.[10]

**B. The Court Should Not Consider Petitioner's Arguments Related to the Provided Bond Hearing Because They Were First Raised in Reply. Alternatively, the Court Should Deny Them on the Merits.**

Petitioner received a bond hearing on June 26, 2026 – after he filed his Petition in this matter. In reply and supplemental reply, Petitioner takes issue with aspects of the bond hearing. (Doc. 8, at 2; Doc. 9, at 2). These arguments – which complain about the evidence the Immigration Judge considered and did not consider – are unrelated to the argument

---

[9] *See e.g.*, *Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 5 (W.D. Okla. July 24, 2026) ("Absent binding authority resolving this issue, and because Petitioner's request would substantially alter the existing framework, the Court declines to hold on this limited record that due process requires a different procedure."); *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) ("[T]he Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing."); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026) ("Balancing all three factors, the Court agrees with the Fourth and Ninth Circuits in concluding that, at least on the facts of this case, § 1226(a)'s existing bond procedures supply adequate process.").

[10] The undersigned has routinely recommended, on due process grounds, ordering a bond hearing that requires the government to prove dangerousness or risk of flight by clear and convincing evidence. *See, e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, Doc. 11, at 6-19 (W.D. Okla. July 2, 2026). In the absence of authority from the Supreme Court or the Tenth Circuit, the undersigned continues to find the First and Second Circuit's rulings on the issue persuasive, while acknowledging the well-reasoned approach of members of this Court. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39-40 (1st Cir. 2021) (holding that at a § 1226(a) bond hearing, due process requires the government to bear the burden of proving the alien's dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence); *Velasco Lopez v. Decker*, 978 F.3d 842, 855-57 (2d Cir. 2020) (holding that when an alien is subject to prolonged incarceration under § 1226(a), the appropriate remedy is a bond hearing at which the government bears the burden of proving dangerousness or flight risk by clear and convincing evidence).

raised in the Petition – whether Petitioner was entitled to a bond hearing. "[I]t is well established that issues raised for the first time in a reply are deemed waived." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (citing *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief."); *Mikado v. Allbaugh*, No. CIV-15-1389-D, 2016 WL 3579228, at *2 (W.D. Okla. June 28, 2016)). Here, the Court should not consider these arguments. If Petitioner wishes to make a challenge to his bond hearing, he can do so in a separate action where both parties will have the opportunity to present argument and develop the record.

Alternatively, if the Court decides to entertain Petitioner's arguments, the undersigned recommends they be denied. Petitioner's argument appears to challenge the weight the immigration judge afforded to various factors in making the bond determination. But the Court cannot reweigh the evidence as Petitioner appears to request. Congress has insulated the bond determination from judicial review with 8 U.S.C. § 1226(e), which provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review," and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Thus, "a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026); *see also Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to

make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

The statute leaves intact habeas jurisdiction over constitutional claims and questions of law relating to the bond hearing. *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026). However, a petitioner may not recast a request to reweigh the evidence as a constitutional claim. *See Hernandez v. Holder*, 450 F. App'x 773, 775 (10th Cir. 2011) ("Discretionary agency decisions may not be recast as constitutional claims or questions of law simply to invoke [the Court's] jurisdiction."); *Salaria v. Grant*, No. CIV-26-141-D, ECF Doc. 15, at 4, (W.D. Okla. May 13, 2026) ("Although Petitioner couches his claim in constitutional terms, he is asking the Court to re-weigh the evidence presented at the bond hearing and second guess the immigration judge's assessment."). So, to the extent Petitioner contends the evidence supported release or that the immigration judge improperly weighed the evidence, § 1226(e) forecloses that review. *See Perez v. Grant*, No. CIV-26-596-SLP, 2026 WL 1182039, at *5 (W.D. Okla. Apr. 30, 2026) (finding habeas relief is appropriate only where the exercise of discretion "was so arbitrary that it would offend fundamental tenets of due process," and courts "cannot override an immigration judge's bond decision simply because they might have reached a different result") (quoting *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *2 (D. Mass. Jan. 28, 2026)); *Adejola v. Barr*, 439 F. Supp. 3d 120, 130 (W.D.N.Y. 2020) (finding that arguments that the immigration judge assessed the evidence incorrectly or improperly weighed particular aspects of the record fall beyond the court's jurisdiction).

Petitioner's claim also fails to the extent he takes issue with the immigration judge's decision under a due process theory. When "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025). To be sure, "[d]ue process is not satisfied . . . by rubberstamp denials [of bond]." *Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999). But based on the record before the Court – which is devoid of a transcript or written decision memorializing the Immigration Judge's decision – the undersigned finds Petitioner has not met his burden of showing that the decision was merely rubber-stamped.[11]

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **DENIED as moot**.[12]

**The Court advises the parties of their right to object to this Report and Recommendation by September 17, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court advises the parties that failure to make timely objection to this

[11] Prior to receiving his bond hearing, Petitioner sought to have the burden placed on the government at any bond hearing ordered by the Court. (Doc. 1, at 7). It does not appear he challenges this issue with regard to the bond hearing he received in his reply or supplemental reply. (Docs. 8, 9). But Petitioner "has not established his entitlement to a new bond hearing, much less a bond hearing at which the burden of proof should be shifted." *Singh v. Gantt*, No. CIV-26-863-R, 2026 WL 2572145, at *2 n.3 (W.D. Okla. Aug. 31, 2026)

[12] If the Court reaches Petitioner's arguments made in reply and supplemental reply about the sufficiency of the bond hearing he eventually received, those claims should be denied on the merits.

report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 3rd day of September, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE